UNITED STATES of America, Plaintiff–Appellee

v.

Jorge RIVAS–MORA, also known as George Rivas–Mora, Defendant–Appellant.

No. 08–51003
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 20, 2009.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Henry Joseph Bemporad, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM: *

Jorge Rivas–Mora appeals the 41–month term of imprisonment imposed for his guilty plea conviction of violating 8 U.S.C. § 1326(a) and (b) by being found in the United States without permission, following removal. He argues that his sentence, which fell within his advisory guidelines range, is unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). Rivas–Mora contends that a

---

924

shorter sentence was appropriate in his case in light of his long residency in the United States; his motive for committing the offense; his lack of prior reentry offenses; and his lack of knowledge that a reentry offense carried such a harsh sentence. Rivas–Mora also contends that a shorter sentence was appropriate because he presented a low risk of recidivism in light of his family ties in Mexico.

Relying on *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 575, 169 L.Ed.2d 481 (2007), and *Rita v. United States,* 551 U.S. 338, 347–48, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), Rivas–Mora contends that the appellate presumption of reasonableness accorded sentences imposed within a defendant's properly calculated advisory sentencing guidelines range should not apply to sentences that were calculated under Guidelines not derived from empirical data and national experience. However, this court has rejected that argument. *United States v. Duarte,* 569 F.3d 528, 529–31 (5th Cir.2009), *cert. denied,* —— U.S. ——, 130 S.Ct. 378, 175 L.Ed.2d 231 (2009); *United States v. Mondragon–Santiago,* 564 F.3d 357, 366–67 (5th Cir.2009), *cert. denied,* —— U.S. ——, 130 S.Ct. 192, 175 L.Ed.2d 120 (2009). The appellate presumption of reasonableness is applicable in this case. *See United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir.2006).

In determining Rivas–Mora's sentence, the district court judge considered the advisory sentencing-guidelines range, the information in Rivas–Mora's presentence report, and the § 3553(a) factors. The district court judge considered the arguments presented at sentencing and determined that a guideline sentence would be appropriate. Rivas–Mora's arguments do not establish that the district court plainly

erred or abused its discretion in imposing that sentence. *See Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Rivas–Mora has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See Alonzo,* 435 F.3d at 554.

The judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.